IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:15-CR-23 |
| v. | ) | |
| | ) | |
| MICHAEL COVINGTON, | ) | |
| GLEN HANDLEY, and | ) | (VARLAN / SHIRLEY) |
| PAMELA HANDLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on June 22, 2015, for a scheduled pretrial conference and motion hearing on the Government's Motion to Declare Complex and Extended and to Continue Trial Dates [Doc. 23]. Assistant United States Attorney Tracy L. Stone appeared on behalf of the Government. Attorney Francis L. Lloyd, Jr., represented Defendant Michael Covington. At the beginning of the hearing, the Court substituted and appointed Attorney Theodore Kern to represent Defendant Glen Handley. Mr. Handley's prior counsel, Attorney Bruce A. Alldredge, was also present for this hearing. Attorney Karmen L. Waters represented Defendant Pamela Handley. All three Defendants were also present.

The Court observes that the Government has asked [Doc.24] the Court to continue the July 7 trial and all associated deadlines in this case. The Government contends that that this

case should be declared complex for speedy trial purposes. It states that this case is one of twenty-eight related cases, in which over one hundred defendants have been indicted. The Government relates that around ten percent of those indicted in the related cases have yet to be located and arrested. It states that discovery is being disclosed in three phases: One phase involves a one-half terabyte of information, including five months of intercepted conversations and voluminous financial records. A second phase consists of patient files and other documents seized in the execution of search warrants, and a third phase involves hundreds of hours of video surveillance footage.[1] The Government states that it continues to process and scan the patient files in order to provide them in electronic format and that the total data to be disclosed in this case will exceed four terabytes. It estimates that, even acting with all due diligence and speed, disclosure of discovery will not be completed until August 2015. The Government contends that given the immense universe of discovery and the time needed to complete its disclosure, the usual speedy trial deadlines are wholly unreasonable in this case.

At the hearing, AUSA Stone related that the Government was disclosing the electronic discovery as it becomes available. He estimated that the remaining discovery (phases two and three) will be disclosed by or before mid-August. Attorneys Lloyd and Waters stated that they had discussed the need for a trial continuance with their clients and that Defendants Covington and Pamela Handley did not object to continuing the trial to March 2016. Although Mr. Kern is new to the case, Mr. Alldredge stated that he had discussed the continuance with Defendant Glen Handley. Mr. Alldredge said that Mr. Handley did not object to the trial being continued to March 2016. The parties agreed on a new trial date of March 8, 2016.

---

[1] The undersigned ordered [Doc.11] that initial discovery was due on May 11, 2015.

The Court finds the Government's motion to continue the trial to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court begins by observing that the instant case involves three Defendants, who are charged [Doc. 3], along with numerous others in related cases, in a conspiracy to distribute oxycodone over approximately two years and six months (Count One). The Defendants are also charged with conspiring to launder the proceeds of the drug conspiracy over the same time period (Count Two). The total number of defendants in the related cases exceeds one hundred. Moreover, discovery in this case is voluminous, involving four terabytes of information. Disclosure of discovery is ongoing in phases and will not be completed until mid-August 2015. To require counsel to proceed to trial without the opportunity to review all of the discovery would be a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i). The Court finds that the review of discovery cannot occur prior to the July 7 trial date. Accordingly, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv). In so ruling, the Court finds that the need for this continuance was not caused by lack of diligent preparation on the part of counsel for the Government. See 18 U.S.C. § 3161(h)(7)(C).

Moreover, the Defendants need additional time to file pretrial motions once they receive discovery. If any motions are filed, the Court will need time to hold a hearing on those motions and time, not to exceed thirty days, to rule on the motions or to prepare a report and recommendation on the issues raised. See 18 U.S.C. § 3161(h)(1)(H). Following the receipt of the Court's report and recommendation, the parties will need time to object and respond to objections. Thereafter, the District Judge will need time to rule on any dispositive motions in

light of the report and any objections.  See 18 U.S.C. § 3161(h)(1)(H).   Once the parties receive a ruling on the pretrial motions, they will need time to prepare for trial in light of those rulings. The Court finds that all of this cannot be accomplished before the July 7 trial date or in less than eight months.  Accordingly, without a continuance, counsel would not have the reasonable time necessary to litigate pretrial motions despite acting with due diligence.  See 18 U.S.C. § 3161(h)(7)(B)(iv).

The Court also agrees with the Government this case is complex for purposes of the Speedy Trial Act.  This and the related cases involve over one hundred defendants.  The Indictment alleges drug trafficking and money laundering schemes that are purported to have occurred over thirty months.  The discovery in this case is voluminous, as discussed above. Thus, due to the number of defendants in the related cases and the nature of the prosecution, including the voluminous discovery stemming therefrom, the Court finds "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act.  18 U.S.C. § 3161(h)(7)(B)(ii).  The Court finds that this case should be designated as "complex" for speedy trial purposes.

The Government's motion [**Doc. 23**] to continue the trial is **GRANTED**, and the trial is reset to **March 8, 2016**.  The Government's request to declare the case complex for speedy trial purposes is unopposed and is also **GRANTED**.  The Court also finds, and the parties agreed, that all the time between the filing of the motion on June 1, 2015, and the new trial date of March 8, 2016, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.  See 18 U.S.C. § 3161(h)(1)(D), -(1)(H) & -(7)(A)-(B).  With regard to additional scheduling in this case, the Government's deadline for completing all discovery is **August 14, 2015**.  The deadline for filing pretrial motions is extended to **October 9, 2015**.  Responses to

4

motions are due on or before **October 30, 2015**. The parties are to appear before the undersigned for a motion hearing on **November 17, 2015, at 9:30 a.m.** The deadline for concluding plea negotiations is **February 1, 2016**. This day is also the deadline for the Defendants to provide reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **February 22, 2016**. Special requests for jury instructions shall be submitted to the District Court no later than **February 26, 2016**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Government's Motion to Declare Case Complex and Extended and to Continue Trial Dates [**Doc. 23**] is **GRANTED**;

(2) The Court finds this case to be complex for purposes of the Speedy Trial Act;

(3) The trial of this matter is reset to commence on **March 8, 2016**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(4) All time between the filing of the Government's motion on **June 1, 2015**, and the new trial date of **March 8, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The Government's deadline for disclosing all discovery is **August 14, 2015**;

(6) Pretrial motions are due on or before **October 9, 2015**;

(7) Responses to motions are due on or before **October 30, 2015**;

(8) The parties are to appear before the undersigned for a motion hearing on all pretrial motions on **November 17, 2015, at 9:30 a.m.** This date is also the deadline for the provision of reciprocal discovery;

(9) The deadline for concluding plea negotiations is **February 1, 2016**;

5

(10) Motions *in limine* must be filed no later than **February 22, 2016**; and

(11) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **February 26, 2016**.

**IT IS SO ORDERED.**

ENTER:

　　　s/ C. Clifford Shirley, Jr.
United States Magistrate Judge